Parker C. J.
We think the evidence offered in defence to this action was rightly admitted.
In the first place, the note was not indorsed until after it became due according to its terms, which in ordinary cases is enough to let in evidence which between the original parties might go to defeat the note.[1] In answer to this it is argued, that by the form of the note it is apparent that it was not intended to be paid according to the letter of the contract, for the interest is to be paid semiannually, and is at five per cent only. This is true, but these same circumstances had a tendency to show that it was not a regular business note, but that there might be circumstances between the parties to it which might affect the validity or the amount of it. Then again, one of the promisors and the payee is the same person. It is a note from a firm to one of the firm, which carries an indication that it had relation to partnership concerns and was to be governed by them : adding to all this, that the plaintiff did not *264 take the note in the course of business, but as collateral security from the payee, [2] who had given her a note for money borrowed on the same day, the conclusion is irresistible, that the plaintiff made inquiry and understood the use and purposes for which this note was given, and so took it liable to all such equitable grounds of defence as might have been made had the payee, if he could by law, sued Hale. A note may be dishonored on its face, or the indorsee may take it with notice that there are legal or equitable set-offs between the parties ; and in either case he must submit to such defence as a suit between the parties would justify.
If the indorsee receives the note under c'rcumstances which might reasonably excite suspicions that it was not good, he ought, before he takes it, to inquire into 'he validity of the note, and if he does not, he takes it subject tn any legal defence which might be made against a recovery by the promisee ; the being overdue is only one circumstance. Ayer v. Hutchins, 4 Mass. R. 372. [1]
The nonsuit is to stand therefore, unless the plaintiff furnishes some ground to suppose, that on a trial it will appear that Hale is so indebted to the firm, or that the firm is so indebted to Cross, as to entitle her to recover.

 See Bayley on Bills, (2nd Am. ed.) 135 to 137, and cases cited in the notes; 3 Kent’s Comm. (3d ed.) 91; Stockbridge v. Dimon, 5 Pick. 225; Sylvester v. Crapo, 15 Pick. 93.

 See Bayley on Bills, (2nd Am. ed.) 545; Bristol v. Sprague, 8 Wendell, 423; Boss v. Brotherson, 10 Wendell, 85; Smith v. Van Loan, 16 Wendell, 659.

 See also Bayley on Bills, (2nd Am. ed.) 544, 545. and cases cited in the notes; 3 Kent’s Comm. (3d ed.) 91 to 93; Cone v. Baldwin, 12 Pick. 545 Goddard v. Lyman, 14 Pick. 268; Grew v. Burditt, 9 Pick. 265